UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DONALD L. CORNELL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:19CV63 HEA |
| UNKNOWN REED, | ) |  |
| Defendant. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the complaint filed by plaintiff Donald Cornell. Plaintiff has failed to file a motion to proceed in forma pauperis or pay the full $400 filing fee. Additionally, he has failed to file his complaint on a court-provided form in compliance with Local Rule 2.06(A). Accordingly, the Court will require plaintiff to file an amended complaint on a court-form. Plaintiff will also be required to file a motion to proceed in forma pauperis with a prisoner account statement or pay the full filing fee within thirty (30) days of the date of this Memorandum and Order. *See* 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has failed to file a motion to proceed in forma pauperis in this action, along with a copy of his prison account statement, or pay the full $400 filing fee. Therefore, the Court will require plaintiff to either pay the filing fee in full or file a motion for in forma pauperis along with a copy of his prison account statement within thirty (30) days of the date of this Memorandum and Order.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is an inmate at Southeast Correctional Center ("SECC"). He brings this action pursuant to 42 U.S.C. § 1983 against Unknown Reed, his Functional Unit Manager. He has handwritten his complaint on notebook paper, and it numbers fourteen pages in total.

Plaintiff's handwriting is somewhat difficult to read, but it appears he is complaining about defendant Reed's failure to respond to his request to file IRRs on several dates in April of 2019. Plaintiff asserts that he asked defendant Reed to file paper IRRs when the J-Pay kiosk was broken, when he needed his legal mail notarized, when an electric socket in his jail cell was broken, and when he was not provided with clean clothing in a timely manner. Although plaintiff does not indicate what defendant Reed's response was to his requests, it appears from his assertions that he believes his rights were violated in some way by defendant Reed between April 1, 2019 and April 11, 2019.

Plaintiff has not indicated the damages he is seeking in this lawsuit, nor has plaintiff indicated the capacity under which he is suing defendant Reed.

**Discussion**

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, he must prepare an amended complaint using a Court-provided form, following Rules 8 and 10 of the Federal Rules of Civil Procedure when doing so. *See* Local Rule 2.06(A).

Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[1] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that that the Clerk is directed to mail to plaintiff a copy of the motion to proceed in forma pauperis form for prisoners.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the Federal Rules of Civil Procedure and the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee **or** submit a motion to proceed in forma pauperis along with a copy of his prison account statement within thirty (30) days of the date of this Order.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice**.

Dated this 22nd day of April, 2019.

                                                  HENRY EDWARD AUTREY
                                                  UNITED STATES DISTRICT JUDGE