UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

| DONALD CORNELL, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 1:19-CV-63 HEA |
| CHARLES REED, et al., | ) ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff Donald Cornell's amended complaint, as well as a motion for leave to proceed in forma pauperis and a motion for extension of time to provide the Court with a certified copy of his inmate account statement.[1] For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Based upon a review of the pleadings, the Court will order plaintiff to file a third amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

---

[1]Plaintiff has additionally filed a request for service of process on his amended complaint by certified mail, as well as a motion to supplement his amended complaint. [Doc. #9 and #10]

1

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary

civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Southeast Correctional Center ("SECC"). On April 22, 2019, the Court reviewed plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and found that plaintiff's complaint failed to comply with Federal Rules of Procedure 8 and 10. Plaintiff was ordered to amend his complaint at that time. Plaintiff filed his amended complaint on May 13, 2019, as well as a motion to proceed in forma pauperis on that same date. Plaintiff filed a supplemental pleading on that same date.

## Plaintiff's Amended Complaint and Supplemental Pleading

The Court has reviewed plaintiff's amended complaint and supplemental pleading and once again finds that it does not comply with Federal Rules of Civil Procedure 8 and 10.

The gist of plaintiff's claims appear to relate to conditions of confinement, but they are buried in a rambling second amended pleading and supplemental complaint. And plaintiff's handwriting is extremely challenging to read, making his assertions against the defendants even more problematic to discern.

In his amended complaint, plaintiff names his caseworker Charles Reed and Warden Jason Lewis as the only defendants in this action. He brings this action against defendants in their individual and official capacities.

Plaintiff asserts that Caseworker Reed failed to respond to his requests, on unspecified dates, for additional clothing items (as well as a towel and washcloth) that appear to have been removed from his cell after a cell search in February of 2019.

Plaintiff states that the items were removed because they did not have his name in the clothes. Plaintiff appears to acknowledge that this is Missouri Department of Corrections policy.

Plaintiff claims in his amended complaint that because he lacked the proper number of clothes, he was unable to take showers or wash his clothes properly, and for some unspecified time he developed a rash and smelled. Plaintiff failed to articulate in his amended complaint the outcome of this issue, and how long he was unable to take showers or how many specific items of clothing he was left with or for how long of a time period.[2] Plaintiff also failed to articulate in his amended complaint how many grievances he filed with defendant Reed and what defendant Reed's responses were to plaintiff's grievances, i.e., whether he refused to provide plaintiff with the clothing, what specific clothing and on what date.

Plaintiff failed to make allegations against Warden Jason Lewis in his amended complaint, only noting that Warden Lewis had not signed off on his request for new clothing items. However, again plaintiff failed to articulate exactly when he asked Warden Lewis for the items of clothing and how such requests were provided to Warden Lewis.[3]

---

[2] Plaintiff states in Exhibit A1 that he had no boxers for over 80 days. He does not indicate how many socks, t-shirts, pants, etc. he had from February through May.

[3] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his

In Exhibit A1 to plaintiff's amended complaint, plaintiff notes that on May 6, 2019, Charles Reed gave him clothing but he states that he does not believe that this fixes the actions previously done to him.

**Discussion**

The Court recognizes that plaintiff has attempted to somewhat comply with the Court's prior Order. However, Rule 8(a) requires a short and plain statement," and Rule 8(e) requires that each averment of a pleading shall be simple, concise, and direct.

Plaintiff's amended complaint is neither simple or concise or direct. **And plaintiff needs to have separate paragraphs in his complaint to be in compliance with Rule 10, not just sentences that run into one another in a cramped space that make it difficult to discern one claim from another.**

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file a third amended complaint. **If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.**

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption"

---

constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[4] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Additionally, there is no respondeat superior liability under 42 U.S.C. § 1983. Thus, it is unlikely that Warden Lewis can be held individually liable for § 1983 violations.

Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

---

[4] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff shall have twenty-one (21) days from the date of this Order to file his third amended complaint.[5] Plaintiff is warned that the filing of the third amended complaint completely replaces the original and all prior pleadings. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #7] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his amended complaint [Doc. #9] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, **plaintiff shall submit a third amended complaint** in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file his prison account statement [Doc. #12] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for request for service of the complaint [Doc. #10] is **DENIED AT THIS TIME**. Service of process shall be effectuated the

---

[5]The Court will not accept multiple supplemental pleadings in one action.

Court after review of plaintiff's third amended complaint for frivolousness, maliciousness and for failure to state a claim pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court will not accept any additional supplements to complaints or amendments by interlineation.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 17th day of December, 2019.

                                                                              _____
                                                                              HENRY EDWARD AUTREY
                                                                              UNITED STATES DISTRICT JUDGE